IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Louis C. Sanfilippo, M.D., ) | Civil Action No. 2:17-183-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Timothy David Brewerton, M.D., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Defendant's motion to dismiss be granted. For the reasons set forth below, the Court adopts the Report and Recommendation.

## I. Background

Plaintiff alleges U.S. Patent 8,318,813 (the "'813 Patent"), which claimed a method for the treatment of Binge Eating Disorder with the drug Vyvanse, was issued by the United States Patent and Trademark Office ("USPTO") on November 27, 2012. Plaintiff alleges that he is the patent's "lone inventor" and is also the "exclusive and sole manager and member" of the 813 Patent's last two owners, Lucerne Biosciences, LLC (which owned the patent from January 8, 2015 to present) and LCS Group, LLC (which owned the patent from April 15, 2008 to January 8, 2015).

Plaintiff alleges that on October 25, 2013, he signed a Confidentiality Disclosure Agreement with Shire LLC relating to a potential business opportunity involving the '813 Patent and related patent applications. Plaintiff alleges that thereafter, on May 9, 2014, Shire Development LLC, a subsidiary of Shire LLC (hereinafter collectively referred to as "Shire"), filed a petition for an inter partes review ("IPR") of the '813 Patent. An IPR is a trial proceeding

conducted at the Patent Trial and Appeal Board ("PTAB") to review the patentability of one or more claims in a patent based on the prior art. *See* 35 U.S.C. ch. 31.

Plaintiff alleges that Shire's IPR petition relied exclusively on opinions set forth in a declaration by the Defendant, Dr. Timothy Brewerton, which he signed on May 8, 2014. Plaintiff alleges that the Defendant's declaration contained "rampant . . . misleading statements and egregious misrepresentations" while extensively omitting "materially relevant and important information" in order to conclude that all the claims of the '813 Patent would have been "obvious" to a Person Having Ordinary Skill In The Art as of September 13, 2007, and should therefore all be invalid. (Dkt. No. 16 ¶ 11.) Plaintiff further alleges Defendant's deception was "so rampant, so unmitigated, so repeated and apparently so premeditated in its exquisite detail that any reasonable person would be led to conclude that unfettered deception was [the Defendant's] fundamental and even exclusive purpose." (*Id.* ¶ 14.)

On January 20, 2017, Plaintiff, proceeding *pro se*, filed the present action, asserting state-law claims for fraud, defamation, and negligence and attaching over 1800 pages of supporting materials. Plaintiff alleges that the Defendant's purported misrepresentations have caused him damages in excess of $300,000,000. (*Id.* ¶ 27.) Defendant has twice moved to dismiss, and on October 27, 2017, the Magistrate Judge recommended granting Defendant's motion to dismiss. Plaintiff timely filed objections to the Report and Recommendation.

## II. <u>Legal Standard</u>

### A. **Report and Recommendation of the Magistrate Judge**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is

made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

**B. Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

The Court agrees fully with the Magistrate Judge's recommendation that this action be dismissed because Defendant has absolute immunity from Plaintiff's claims. It is well established that a litigant may not challenge adverse expert evidence by suing the adverse party's expert witness. *See Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). Witnesses have been immune from damages liability for their testimony in judicial proceedings since before the English settlement of North America. *See Cutler v. Dixon*, 76 Eng. Rep. 886 (K.B. 1585). Proceedings before the PTAB are judicial proceedings. *See, e.g., EZ Loader Boat Trailers, Inc. v. Cox Trailers, Inc.*, 746 F.2d 375, 378 (7th Cir. 1984).

The proper forum for challenging the veracity of Defendant's expert opinion was the IPR proceeding before the PTAB. Plaintiff's counterargument is that Defendant was the "de facto author and architect" of Shire's IPR petition and so was not an expert witness for immunity purposes. (*See, e.g.*, Dkt. No. 23 at 3–4.) That argument is illogical, unsupported by any legal authority, and contradicted by common sense. The record conclusively demonstrates that Defendant was Shire's retained expert witness. (*See* Dkt. No. 26 at 7.) Parties litigating highly technical issues like pharmaceutical patents rely heavily—sometimes entirely—on professionals having expertise in the field. For that matter, even in ordinary litigation, parties rely almost entirely

on professionals having expertise in the field—*i.e.*, lawyers—to author complaints, petitions, and other pleadings. Regardless, even if he were not an "expert" witness, he manifestly is a witness of some sort, because he is a person offering sworn testimony in a judicial proceeding, and so is absolutely immune from Plaintiff's claims.

Further, the Court takes notice that the PTAB did not enter an adverse judgment against Plaintiff because it credited Defendant's opinion. Instead, the PTAB construed Plaintiff's willful refusal to respond to a show cause order (issued because Plaintiff failed to respond as ordered to a motion for sanctions against him) as an abandonment of his claims and as a request for adverse judgment. *See Shire Dev. LLC v. LCS Group, LLC*, No. IPR2014-739 (P.T.A.B. Jun. 4, 2015), doc. 33. Even if Defendant were not absolutely immune from Plaintiff's claims, Plaintiff could not show that Defendant damaged him. The IPR proceeding concluded with the cancellation of the '813 Patent because of Plaintiff's repeated and willful misconduct during the IPR proceeding, not because of anything Defendant did. Still further, even if Defendant were not absolutely immune from Plaintiff's claims and even if the PTAB cancelled the patent because it credited Dr. Brewerton's report, the PTAB's decision to credit the report would be binding on this Court. This Court has no jurisdiction to review the decisions of the PTAB. The United States Circuit Court of Appeals for the Federal Circuit has exclusive jurisdiction to hear appeals from IPR proceedings at the PTAB. 28 U.S.C. § 1295(a)(4)(A).

Plaintiff has filed copious objections to the Report and Recommendation. All are without merit. Plaintiff objects that the Magistrate Judge made his recommendation "without consideration of even a single fact related to the scope and egregiousness of Defendant's misrepresentations." (Dkt. No. 28 at 2 (capitalization modified).) The Magistrate Judge rightly did not address the merits of Plaintiff's allegations that Defendant's report contained false information because

Defendant is immune from any requirement to defend the content of his report before this Court. Plaintiff likewise objects that the Magistrate Judge did not consider any evidence that Defendant was the "de factor [*sic*] architect" of Shire's IPR petition. (*Id.* at 4.) Again, the Magistrate Judge rightly did not address the merits of that claim because there is no basis in law to abrogate an expert witness's absolute immunity simply because a party relies heavily on that witness's expertise.

Plaintiff goes on to object that Shire's lawyers (who were not lawyers for the Defendant in this action) "used their legal skills to expunge public records from the IPR that might implicate the global pharmaceutical company" and to "support the cover-up." (Dkt. No. 28 at 7–8.) Actually, Shire's lawyers simply asked Plaintiff to cease *ex parte* communications threatening Shire's employees and Dr. Brewerton during the IPR proceeding. Plaintiff continued those communications even after the PTAB ordered Plaintiff to cease. When Shire moved for sanctions, Plaintiff terminated his lawyer and failed to respond to the motion for sanctions. The PTAB then issued a show cause order, and when Plaintiff failed to respond to that, the PTAB cancelled the '813 Patent and closed the case. *See Shire*, No. IPR2014-739 (documents 26, 27, 29, 30, 32, 33).

Plaintiff further objects that Shire's lead attorney for the IPR proceedings (who did not represent the Defendant in this action) has filed an amicus brief on behalf of Shire in an unrelated Supreme Court case that argues IPRs are unconstitutional because they are not held before an Article III tribunal. *See* Brief for Shire Pharmaceuticals LLC as amicus curia in support of neither party, *Oil States Energy Services, LLC v. Greene's Energy Group, LLC*, 137 S.Ct. 2239 (2017) (No. 16-712). How the constitutional validity of IPR reviews at the PTAB relates to Plaintiff's fraud, defamation, or negligence claims against Defendant is a mystery.

Finally, Plaintiff objects that denial of his suit will permit clinicians to rely on Defendant's expert testimony when directing the treatment of obesity or bulimia nervosa, which Plaintiff claims would harm public health. That objection is again without merit. Responsibility for establishing medical standards of care rests with the medical profession, not with parties purportedly litigating a fraud and defamation action.

Plaintiff is engaging in an ongoing, abusive use of legal process. When his '813 Patent was challenged, he engaged in improper behavior before the tribunal even after he was ordered to cease. Rather than answer for his conduct, he ceased participation in the proceedings and, as a result, the '813 Patent was cancelled. Now he brings a lawsuit lacking any arguable basis in law or fact against a witness from that proceeding. This frivolous suit likely has created significant legal expenses. The Court therefore grants Defendant leave to file a motion for attorney's fees under Rule 54(d)(2) of the Federal Rules of Civil Procedure within fourteen days of the date of this Order.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 26) as the Order of the Court, **DISMISSES** the complaint (Dkt. No. 1), and **ORDERS** that Defendant may file a motion for attorney's fees under Rule 54(d)(2) of the Federal Rules of Civil Procedure within fourteen days of the date of this Order.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 22, 2017
Charleston, South Carolina